IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| ERIC WAYNE CLEMMONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 3:20CV892–HEH |
| ) | |
| JUSTIN ANDREWS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
**(Dismissing Civil Action Without Prejudice)**

Petitioner, a federal prisoner proceeding *pro se*, submitted a petition for a writ habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Although Petitioner filed on the correct standardized form, Petitioner only completed select portions of the form and specifically failed to answer questions asking where he has previously raised his claim. Accordingly, by Memorandum Order entered on December 30, 2020, the Court informed Petitioner that he must complete the form in its entirety. The Court directed Petitioner, within eleven (11) days of the date of entry thereof, to complete and return the standardized form for filing a § 2241 petition. The Court warned Petitioner that the failure to comply with the terms of the December 30, 2020 Memorandum Order would result in the dismissal of the action. *See* FED. R. CIV. P. 41(b).

Because more than eleven (11) days had elapsed and Petitioner failed to complete and return the § 2241 form or otherwise respond to the December 30, 2020 Memorandum

Order, by Memorandum Opinion and Order entered on January 26, 2021, the Court dismissed the action without prejudice.[1]

On February 9, 2021, the Court received a letter from Petitioner "asking the courts to please accept [his] returned petition," and to reopen the action. (ECF No. 10 at 1.) Petitioner again attached a § 2241 petition. (ECF No. 10–1.) In this § 2241 petition, instead of identifying an action of the Bureau of Prisons that was the subject of his initial filing, Petitioner indicated that the action he was challenging was this Court's dismissal of his § 2241 petition on January 26, 2021. (*Id.* at 2.) Petitioner then restated his claim about earned time credits. (*Id.* at 6–7.) Petitioner indicated that he had not raised his claim anywhere (*id.* at 2–3), but later contradicted himself and stated that he "present[ed] Ground One in all appeals that were available to [him]." (*Id.* at 7.) Accordingly, by Memorandum Order entered on March 19, 2021, the Court granted the request to reopen for the limited purpose of determining whether Petitioner has exhausted his claim. The Court then explained as follows:

> Prior to seeking judicial relief, an inmate filing a § 2241 petition must properly exhaust his or her administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, "so

---

[1] On January 27, 2021, the Court received Petitioner's standardized form for filing a § 2241 form. Petitioner indicated that he placed the § 2241 petition in the prison mailing system on January 14, 2021. (ECF No. 8 at 9.) Thus, the § 2241 petition remains untimely filed, as Petitioner's response was due on January 10, 2021. Moreover, Petitioner again failed to follow the Court's directives. Petitioner hardly completed any of the § 2241 petition form. The Court specifically pointed out that Petitioner failed to answer questions asking where he had previously raised his claim and directed that he must provide this information. Once again, Petitioner made no effort to comply with this directive.

2

> that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).
>
> Petitioner clearly indicates that he has not exhausted his administrative remedies and provides no argument about why he should be permitted to proceed here under these circumstances. (§ 2241 Pet. 2.) Accordingly, within eleven (11) days of the date of entry hereof, Petitioner is DIRECTED to show good cause why the action should not be dismissed for failing to exhaust his administrative remedies. Failure to file a proper response within that time will result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b).

(ECF No. 11 at 2–3.) More than eleven (11) days have elapsed and Petitioner has failed to respond to the Court's March 19, 2021 Memorandum Order. Such conduct demonstrates a willful failure to prosecute the action. Moreover, Petitioner has failed to demonstrate that he has exhausted his administrative remedies. Accordingly, the action will be dismissed without prejudice.

An appropriate Order shall accompany this Memorandum Opinion

                                                  /s/
                              HENRY E. HUDSON
Date: April 21, 2021       SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia